UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:12-cv-237-JMS-WGH |
| ) | |
| RICHARD BROWN, Superintendent of Wabash ) | |
| Valley Correctional Facility,[1] ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Anthony Thompson seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVD 12-04-0095. In that proceeding, Thompson was found guilty of threatening. The relevant sanctions imposed included the loss of earned credit time and demotion of his credit-earning class. Contending that the disciplinary proceeding is tainted by constitutional error, Thompson seeks a writ of habeas corpus. The Court finds, however, that there was no error of that nature and that Thompson's habeas petition must therefore be **denied.**

Thompson is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Thompson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24

---

[1] Richard Brown, in his official capacity only, is substituted as the proper respondent in this action. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (prison warden is the proper respondent in habeas action brought by incarcerated offender). The **clerk is directed** to update the docket to reflect this change.

Case 2:12-cv-00237-JMS-WGH   Document 12   Filed 06/13/13   Page 2 of 4 PageID #: 48

hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Thompson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Thompson was given the opportunity to appear before an impartial decision-maker and make a statement concerning the charge, (2) the decision-maker issued a sufficient statement of its findings, and (3) the decision-maker issued a written reason for his decision and for the sanctions imposed. Thompson's arguments that he was denied due process are either refuted by the expanded record or based on assertions which do not entitle him to relief. The three specific arguments raised by Thompson are addressed below.

First, Thompson argues that he was denied witnesses because the screening officer did not find witnesses for him. This argument is rejected. Thompson was given an opportunity to call witnesses but he did not do so. Due process does not require prison officials to search for unidentified witnesses. Further, Thompson does not explain how witness testimony would have helped him or would have changed the outcome of his proceeding. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (when there is no indication of what witness testimony might have been or how it would have added prisoner's defense any error in not calling witness was harmless).

Second, Thompson claims that he suffered double jeopardy because he was issued two conduct reports for the same occurrence. The record reflects, however, that Thompson was charged with and found guilty of two different offenses, both of which occurred on the same date. In this case, the conduct Thompson was charged with and found guilty of was threatening to spit on a correctional officer. In case number WVD-12-04-0096, Thompson was charged with and found guilty of disorderly conduct for refusing to put his hands down when ordered by an officer, "getting in [the officer's] face," and calling the officer a profane name. These are separate offenses involving separate conduct. Thompson's double jeopardy claim does not entitle him to habeas relief.

Finally, Thompson claims that the evidence was insufficient to find him guilty of threatening. In a prison disciplinary proceeding, a verdict of guilt must be supported by at least "some evidence." *Hill*, 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report states:

> On 4-23-12 at approximately 12:00 pm, I, Ofc T Willey did witness offender Anthony Thompson #956287 threaten to spit on Ofc A McLaughlin. Offender Thompson could be seen and heard gathering snot and saliva in his mouth. Offender Thompson was removed from the area and taken to CCU

In a witness statement, Officer McLaughlin explained that Thompson threatened to spit on her. A rational adjudicator could readily conclude from the conduct report and witness statements that Thompson threatened the correctional officer. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [Disciplinary Hearing Officer's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied*, 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence

that logically precludes any conclusion but the one reached" by the decision-maker). A guard's written report alone can fulfill the requirements of "some evidence." *See McPherson,* 188 F.3d at 786. Thompson's claim that he was just clearing his throat is an invitation to reweigh the evidence, which the Court will not do in reviewing a disciplinary decision. *See id.*

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Thompson to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 06/13/2013

                                            Hon. Jane Magnus-Stinson, Judge
                                            United States District Court
Distribution:                           Southern District of Indiana

ANTHONY THOMPSON
956287
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**